**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GREGORY MCKENNA, Derivatively On Behalf of EXELA TECHNOLOGIES, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| RONALD COGBURN, INC., *et al.*, | § § § | Civil Action No. 3:20-CV-1800-D |
| Defendants, and | § § | |
| EXELA TECHNOLOGIES, INC., | § § | |
| Nominal Defendant. | § § | |

_____**ORDER STAYING CASE**_____

WHEREAS, on March 23, 2020, a securities class action lawsuit captioned *Shen v. Exela Technologies, Inc. et al.*, Case No. 3:20-CV-0691-D (the "Securities Class Action"), was filed in the United States District Court for the Northern District of Texas, Dallas Division (Fitzwater, J.) (the "Class Action Court") alleging violations of the federal securities laws against certain defendants and the Nominal Defendant named in this derivative action.

WHEREAS, the Class Action Court has appointed lead plaintiffs and lead counsel in the Securities Class Action;

WHEREAS, lead plaintiffs in the Securities Class Action filed an amended complaint on August 11, 2020;

WHEREAS, defendants in the Securities Class Action anticipate filing a motion to dismiss in that action on or before October 12, 2020;

WHEREAS, on July 8, 2020, Gregory McKenna filed the instant shareholder derivative action in this Court;

WHEREAS, there is significant overlap between the factual allegations in this action and in the Securities Class Action; and

WHEREAS, the parties agree that a stay of this Action pending resolution of the motions to dismiss the Securities Class Action is appropriate because it will avoid inefficiencies and duplicative efforts and will better preserve the resources of the Court and the parties.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by their undersigned counsel, subject to approval of the Court, as follows:

1. Defendants are deemed to have accepted service of the Complaint; provided, however, that such acceptance shall not constitute a waiver of any defense to the claims in this Action other than defenses based upon deficient service of process.

2. A temporary stay of this Action pending resolution of any motions to dismiss in the Securities Class Action is appropriate because it will avoid inefficiencies and duplicative effort and will better preserve the resources of the Court and the parties.

3. The proceedings in this Action shall be temporarily stayed pending the entry of an order on all motions to dismiss directed at the pleadings filed

in the Securities Class Action.  The stay shall remain in effect until the later of (a) the entry of an order on the pending motions to dismiss the Securities Class Action or, (b) to the extent the complaint in the Securities Class Action is amended, the entry of an order on any motions to dismiss any such amended complaints in the Securities Class Action (the "MTD Resolution Date").

4. Defendants are not required to respond to the complaint in this Action during the pendency of the stay.

5. During the pendency of the stay, Defendants shall promptly notify Plaintiff of any related derivative actions or threatened derivative actions (including Section 220 demands or litigation demands by prospective derivative plaintiffs).

6. During the pendency of the stay, Defendants shall promptly notify Plaintiff if a related derivative action is not stayed for a similar or longer duration.  Plaintiff and Defendants each have the option to terminate the stay if a related derivative action is not stayed for a similar or longer duration by giving 30 days notice to opposing counsel via email.

7. Plaintiff and his counsel shall be included in any mediation and in any formal settlement talks between the parties in the Securities Class Action, and in any mediation and in any formal settlement talks between the parties in any related derivative actions or related threatened derivative actions that involve any of the Defendants named in this action.

8.  During the pendency of the stay, Defendants shall promptly produce to Plaintiff any documents produced, written discovery, and deposition transcripts produced in the Securities Class Action, any related derivative actions or in any related threatened derivative actions (including to a shareholder who made a Section 220 books and records demand), subject to a mutually agreeable confidentiality agreement/protective order.

9.  The complaint in this action may be amended while the stay is pending, but Defendants shall not respond to any amended complaint during the pendency of the stay.

10. The parties shall meet and confer and submit a proposed scheduling order within two weeks of the date that the stay is lifted.

11. After the stay is lifted, Defendants will not move to stay this derivative action in deference to any other derivative action.

12. Plaintiff's and Defendants' agreement to this stipulation shall not prejudice in any respect their right to seek or oppose a further stay of this Action or to move for or oppose a dismissal or stay in favor of other pending lawsuits, for transfer of venue or for any other relief other than the relief described in Paragraph 11 above.  Plaintiffs shall not assert that any delay by Defendants in pursuing a further stay or seeking transfer on account of this stipulation as a basis for denying such relief upon the expiration of the stay contemplated herein.

During the pendency of the stay, this civil action is administratively closed for statistical purposes.  Any party may move the court to reopen the case statistically for cause.

IT IS SO ORDERED this 29th day of September, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE